**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MANDISHA HART, | No. 14-55765 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-08034-JAK-FFM |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before: FARRIS, SENTELLE[**], and M. SMITH, Circuit Judges.

Mandisha Hart appeals the district court's grant of summary judgment in

favor of Defendants in her 42 U.S.C. § 1983 action alleging judicial deception in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David Bryan Sentelle, Senior Circuit Judge for the
U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

violation of her fundamental parental rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court granted summary judgment for Defendants, finding that they were entitled to qualified immunity.[1] To defeat Defendants' qualified immunity on her judicial deception claim, Hart "must make (1) a substantial showing of deliberate falsehood or reckless disregard for truth, and (2) establish that but for the dishonesty, the challenged action would not have occurred." *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (internal quotation marks omitted). Hart has not established that the dependency court would not have issued its detention order but for Defendants' alleged deception.

The district court's ruling regarding the materiality of the false statements focused on whether the dependency court could have concluded that a "prima facie" case for detention had been made absent Defendants' false allegations. This analysis captures only part of the full legal standard under California Welfare & Institutions Code § 319(b). Section 319(b) provides that "[t]he court shall order the release of the child from custody unless [1] a *prima facie* showing has been made that the child comes within Section 300, [2] the court finds that the continuance in

_____

[1] Because we decide that Defendants are entitled to qualified immunity, we do not address the district court's alternative holding that Hart's action was barred by the claim preclusive effect of her prior California Superior Court action.

2

the parent's or guardian's home is contrary to the child's welfare, and [3] any of the following circumstances exist [including] a substantial danger to the physical health of the child or the child is suffering severe emotional damage, and there are no reasonable means by which the child's physical or emotional health may be protected without removing the child from the parent's or guardian's physical custody" (emphasis added). The dependency court cited the full § 319(b) standard in rendering its decision. But the district court appeared not to apply the full scope of the tripartite § 319(b) standard in its materiality analysis, relying instead only on the first element of that standard.

Regardless, we now affirm on the basis that, under the correct standard, Hart has not shown that but for Defendants' alleged deception no order to detain Hart's child would have issued. The dependency court found that a sufficient prima facie showing had been made for the exercise of jurisdiction under California Welfare & Institutions Code § 300(b) & (g). A prima facie showing of jurisdiction would have existed under § 300(g) even in the absence of any alleged deception to the dependency court. The dependency petition stated that the child's presumed father had left the child without providing any arrangement for the child's care. This was a sufficient prima facie showing of jurisdiction. *See In re Alysha S.*, 51 Cal.App.4th

3

393, 397 (1996) ("[A] jurisdictional finding good against one parent is good against both."). Defendants' alleged deception could not have undermined this.

We also cannot say that, absent the alleged deception, the dependency court would not have found that a continuance in Hart's home was contrary to the child's welfare, nor that a substantial danger existed to the child's physical or emotional health. The information before the dependency court was replete with allegations which give rise to reasonable inferences of neglect. The detention report alleged that Hart was derelict in dependency proceedings against her older child, that she failed to receive necessary medical treatment prior to the delivery of the subject child, that she was possibly engaged in prostitution, that she had been in a domestically violent relationship with the child's presumed father, and that social workers had not been able to assess Hart, the child, or their current residence. Although some of this conduct was in the past, "evidence of past conduct may be probative of current conditions" if there is "some reason to believe the acts may continue in the future." *In re Rocco M.*, 1 Cal.App.4th 814, 824 (1991). Considering the confluence of these allegations, we cannot say that the dependency court would not have issued its order to detain the child absent Defendants' alleged deception.

**AFFIRMED.**